IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WILLIAM H. LIVINGSTON D.V.M.,**
Pro se,

    Plaintiff,

v.                                            No. CIV 98-1083 BB/JHG

**NATIONAL BROADCASTING
CORPORATION-TELEVISION
and BREEDERS CUP LIMITED,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant National Broadcasting Company, Inc.'s (Defendant) Motion to Set Aside Entry of Default (Doc. 18), filed April 27, 1999. The Court, having reviewed the motion and memoranda, finds that the motion is well taken and will be GRANTED.

**Procedural History**

Plaintiff filed a pro se Complaint with his Court on September 9, 1998 (Doc. 1). On the same day he filed the Complaint, Plaintiff prepared a Notice of Lawsuit and Request For Waiver of Service or Summons and sent it to Defendant at 30 Rockefeller Plaza, New York, New York. Defendant never executed the waiver of service or otherwise replied to Plaintiff's request. Plaintiff then attempted to serve Defendant through personal service. The Return of Service, filed by Plaintiff on February 10, 1999, indicates that the process server personally served "NBC" at 101 Price Lane, Corrales, New Mexico, on January 23, 1999. This address is the location of the

office of the law firm of Rick Knott and Associates. This appears to be a proper service by Plaintiff to "NBC." The only problem, however, is that the "NBC" served was not Defendant but the National Barter Corporation of New Mexico. On April 20, 1999, upon a motion by Plaintiff (Doc. 16) the Clerk of this Court filed an Entry of Default against Defendant (Doc. 17) pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

**Discussion**

This Court may set aside an entry of default upon a showing of good cause. Fed. R. Civ. Pro. 55(c). It is clear from the procedural history of this case that Plaintiff did not comply with any of the methods for obtaining service of process provided in Rule 4 of the Federal Rules of Civil Procedure.

In addition to defining federal procedures for service of process, Rule 4 provides an alternative to formal service methods by authorizing a plaintiff to send a defendant notice of the action and request for waiver of service. Fed. R. Civ. P. 4(d). A plaintiff must mail a notice and request for waiver of service to the defendant which includes all the requirements contained in 4(d)(2)(A) - (G). A defendant must return the waiver of service to the plaintiff, who must then file the waiver with the court. A defendant, however, is not obligated to waive service. See Troxell v. Fedders of North America, Inc., 160 F.3d 381 (7th Cir. 1998). If a defendant refuses to waive service, as NBC did in this case, "the court shall impose the cost subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Fed. R. Civ. P. 4(d)(2). That is, the penalty a defendant like NBC will suffer for insisting on formal service is an assessment against it for the costs of that privilege, but they will not be considered properly served until personal service is actually made. Therefore, Plaintiff's notice and request to waive service, absent the return waiver by Defendant, is, then, not proper service. Rather, Defendant's

failure to return the waiver requires Plaintiff to effectuate service in a manner provided by Rule 4. See Fed. R. Civ. P. 4(d)(5). Clearly, Plaintiff did not meet this requirement.[1]

Since service by Plaintiff was improper, the Court finds good cause to set aside the default judgment. However, the Court brings to Plaintiff's attention Defendant's offer in their reply brief to have their counsel accept service in this action on behalf of NBC.

Wherefore,

IT IS HEREBY ORDERED that Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. 18), filed April 27, 1999 be and hereby is, GRANTED.

Dated at Albuquerque this 30th day of June, 1999.

                                                _____
                                                BRUCE D. BLACK
                                                United States District Judge

Plaintiff, pro se
William H. Livingston, D.V.M.
R223 North 13th Street
Artesia, NM 88210

Attorney for Defendant
Jay D. Hertz
Sutin, Thayer & Browne
P.O. Box 1945
Albuquerque, New Mexico 87103

---

[1] There is no need for the Court to elaborate on Plaintiff's subsequent service to the National Barter Corporation.