IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM H. LIVINGSTON, D.V.M.
Pro Se,

    Plaintiff,

v.                                                                                                                      No. CIV 98-1083 BB

NATIONAL BRODCASTING
CORPORATION TELEVISION and
BREEDERS CUP LIMITED,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's pleading entitled "Reinstatement CIV 98-1083BB/WWD Dated September 1998," (hereafter "Motion to Reinstate") filed September 10, 1999. (Doc. 37). On August 20, 1999, this Court issued an amended order dismissing Plaintiff's claims against Defendant, Breeders Cup Limited ("BCL").[1] (Doc. 33). Plaintiff asks the Court to reinstate his original complaint against BCL.

Plaintiff does not specify the particular rule of procedure he filed his pleading under. A motion filed within ten days of the entry of a judgment questioning the correctness of the judgment is properly considered a Rule 59(e) motion under the Federal Rules of Civil Procedure. *See* Phelps v. Hamilton, 122 F.3d 1309, 1323 (10th Cir. 1997). If a post-judgment substantive

---

[1] In an August 4, 1999 Memorandum Opinion and Order, this Court ruled Plaintiffs claims should be dismissed because of (1) improper service of process; and (2) lack of personal jurisdiction. (Doc. 32). The August 20 Order amended the August 4 Order by clarifying that the Court only dismissed Plaintiff's claims against Defendant Breeders Cup Limited.

-1-

motion is filed more than ten days after entry of judgment, it is evaluated under Rule 60(b). *See* Britton v. Swift Transp. Co., Inc., 127 F. 3d 616, 618 (7th Cir. 1997); 1999 WL 967554, *1 (N.D. Ill. 1999). Here, because Plaintiff filed his motion more than ten days after the Court's final order dismissing Plaintiff's claims against BCL, the motion is evaluated under Rule 60(b). A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981).

Rule 60(b) provides, in part, that "upon such terms as are just," the court may relieve a party "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. Proc. 60(b). Just as Plaintiff does not specify the particular procedural rule he is basing his plea on, he also does not explain how he is relying on Rule 60(b). Presumably, he believes his claim falls under (6).

In his Motion to Reinstate, Plaintiff argues he has corrected the deficiency in service of process, and the Court has personal jurisdiction over his claim because the long-arm statute's requirements are met.[2] The Court only considers the latter claim, because, as the Court noted in its earlier Memorandum Opinion and Order, "Plaintiff's service problems can be easily cured with proper service conforming to the Rules," whereas the personal jurisdiction claim "appears to provide an insurmountable barrier to Plaintiff's claim against BCL." (Doc. 32, at 4).

---

[2]Plaintiff cites New York's long arm-statute to support his argument. This statute is inapplicable because "Federal courts sitting in diversity have personal jurisdiction over nonresident defendants to the extent permitted by the *law of the forum*." Benally v. Amon Carter Museum of Western Art, 858 F.2d 618, 621 (10th Cir. 1988) (emphasis added). Here, then, the Court applies the law of New Mexico's long-arm statute.

At this time, the Court will not repeat the analysis of the August 4 Memorandum Opinion in which the Court found it had no personal jurisdiction over Plaintiff. It suffices to say that in his Motion to Reinstate, Plaintiff fails to provide any justification for this Court to relieve Plaintiff of the August 4 Order. Instead, Plaintiff cites an irrelevant New York long-arm statute, rehashes at least one of his old arguments, offers new conclusory statements that jurisdiction exists, and alleges facts that, even if accepted as true, do not meet the requirements as delineated in the August 4 Order. *See* Doc. 32 at 8.

The Court also notes that in Plaintiff's Reply (Doc. 40) to Defendant's Response to Plaintiff's Motion to Reinstate (Doc. 38), Plaintiff requests a delayed decision on his Motion to Reinstate until the trial against NBC, the other Defendant in this case, is complete. This Court finds no reason to delay decision on Plaintiff's Motion to Reinstate.

Therefore, the Court finds Plaintiff failed to present any reasons justifying relief from its August 4 Order. For the above reasons, the Court concludes that Plaintiff's Motion to Reinstate is not well taken and should be denied.

IT IS ORDERED that Plaintiff's Motion to Reinstate (Doc. 37) be, and hereby is, DENIED.

Dated at Albuquerque this 18th day of November, 1999.

BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiff, pro se**
William H. Livingston, D.V.M.
R223 North 13th Street
Artesia, New Mexico 88210


**For Defendants**
Attorney for BCL
Timothy M. Sheehan
Sheehan, Sheehan, & Stelzner
P.O. Box 271
Albuquerque, New Mexico 87103

Attorney for NBC
Jay D. Hertz
Sutin, Thayer & Browne
P.O. Box 1945
Albuquerque, New Mexico 87103